ROBERT HAIMILA v. THE OPSAHL COMPANY AND/OR
WALTER SAATELA AND OTHERS.[1]

August 2, 1940.

No. 32,630.

*Chauncey C. Colton,* for relator Robert Haimila.
*Royal G. Bouschor,* for relator Walter Saatela.
*Hunt, Palmer & Hood,* for respondents. .

PER CURIAM.

Respondents, The Opsahl Company and its insurers, moved this court to discharge the writ of *certiorari* issued herein on June 29, 1940, on the ground that said writ was not served upon respondents nor upon their attorneys within the time limited for the issuance of said writ.

It appears from the files herein that the industrial commission filed its decision April 29, 1940; that on May 24, 1940, upon the application of Royal G. Bouschor, attorney for relator Saatela, this court "ordered that the time within which to make application to this Court for a writ of *certiorari* to review the decision of the Industrial Commission be and it is hereby extended to include June 29th, 1940"; that on June 29, 1940, upon the joint petition of relators, this court duly issued its writ of *certiorari* to the industrial commission to review its said decision, filed April 29, 1940; but that such writ of *certiorari* was not served upon respondents or their attorneys until July 6, 1940. It also appears that no notice was served by respondents upon relators or their attorneys of the filing of the award of the industrial commission.

In In re Judicial Ditch No. 2, 163 Minn. 383, 202 N. W. 52, 53, 204 N. W. 318, we held that the construction to be placed on 2 Mason Minn. St. 1927, § 9769 (G. S. 1913, § 8313), was that the time within which the writ of *certiorari* may be issued does not begin to run until written notice of the order or other proceeding to be reviewed has been served upon the party adversely affected, or his attorney,

[1]Reported in 293 N. W. 599.

and that "actual notice does not take the place of such written notice." Eichholz v. Shaft, 166 Minn. 339, 208 N. W. 18, was a workman's compensation case in which it was considered that the conduct of the respondents, after informal service of the writ of *certiorari*, was such that no advantage could be taken of the lack of formal service. However, it was there said that the writ of *certiorari* must be served upon the adverse party in a compensation case as provided by 2 Mason Minn. St. 1927, § 9770.

Respondents base their motion to discharge the writ of *certiorari*, because not served on them in time, upon Perkovich v. Oliver I. Min. Co. 171 Minn. 519, 214 N. W. 795. There, upon stipulation of the relator and the respondent, this court extended the time for applying for the writ of *certiorari* 30 days from and after February 17, 1927, and issued the writ on March 8, 1927, but it was not served on the respondent within 30 days from February 17, 1927, as provided by said § 9770, and on respondent's motion the writ of *certiorari* was discharged. In the instant case, upon the application of relator Saatela, this court extended the time to make application for the writ of *certiorari* to include June 29, 1940. He cannot be heard to say that the writ need not be served upon respondents within that time. Upon the joint petition of Robert Haimila, the employe, and relator Saatela, the writ of *certiorari* issued and was served on the industrial commission on June 29, 1940, but no service thereof was made upon respondents or their attorneys until July 6, 1940.

When a party to a workman's compensation proceeding obtains additional time within which to apply for *certiorari* to review an award of the industrial commission, the writ must be obtained and be served upon both the industrial commission and the respondents within the time so limited. Such is the ruling in Perkovich v. Oliver I. Min. Co. 171 Minn. 519, 214 N. W. 795, and is adhered to. It is noted that in the instant case relator Haimila did not join Saatela in the request for additional time; but when he joined with Saatela in petitioning for the writ we think he must be bound by the limitation fixed by the court on Saatela's application and must make service of the writ on respondents within the time so limited.

Respondents' motion is granted and the writ discharged.