In the Matter of the Recommendation for Discharge of Melvin J. BROWN, Police Officer, Minneapolis Police Department.

No. CX–88–2274.

Court of Appeals of Minnesota.

Jan. 10, 1989.

Review Denied Feb. 28, 1989.

Christina Clark, Gregg Corwin & Associates, St. Louis Park, for relator Melvin Brown.

Robert Alfton, Minneapolis City Atty., Steven Fredrickson, Asst. City Atty., Minneapolis, for Minneapolis Police Dept., et al.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

### FACTS

The Minneapolis Civil Service Commission concluded that Officer Brown committed "gross initial misconduct" justifying discharge from his employment. A writ of certiorari was timely issued on November 1, 1988, and thereafter served upon one of the three commissioners and upon counsel for respondent Minneapolis Police Department. No service was made upon the other two commissioners who participated in the decision. The police department moves to discharge the writ.

### DECISION

Final decisions of the Minneapolis Civil Service Commission may be reviewed by certiorari. *Jenson v. Olson,* 273 Minn. 390, 393, 141 N.W.2d 488, 490 (1966). A writ of certiorari must be obtained within 60 days after the aggrieved party received notice of the decision to be reviewed. Minn.Stat. § 606.01 (1986). The "writ must also be served upon the adverse party within such period of 60 days[,]" Minn.Stat. § 606.02, and must be endorsed by a surety. Minn. Stat. § 606.03. If a writ is "issued contrary to any provision" of the statute, "or shall not be served upon the adverse party within such period of 60 days," it will be discharged upon proper motion. Minn.Stat. § 606.05.

Counsel for the police department was timely served, but challenges the sufficiency of service upon the commission and the manner in which the writ is captioned.

The Minneapolis Civil Service Commission is not a legal entity with the power to sue or be sued. "Thus, process to be effective against them must be addressed to each of the commissioners, individually and as members of that commission." *State ex rel. Ryan v. Civil Service Commission,* 278 Minn. 296, 298, 154 N.W.2d 192, 194 (1967).

The relator in *Ryan* served the writ of certiorari upon counsel for the department seeking relator's discharge, and upon the secretary to the Minneapolis Civil Service Commission. The supreme court held that effective service was not made upon the agency, and also ruled that discharge of the writ of certiorari was required because it was not endorsed by a surety. *Id.* at 301, 154 N.W.2d at 196 (writ properly dismissed because not timely filed and served as required by sections 606.01 and 606.02 pertaining to issuance and service *and* because not endorsed as required by section 606.03).

■ In this case, we do not agree with the department that addressing the writ to the commission, rather than to the individual commissioners, necessarily requires that certiorari be discharged. Minor errors in the caption of the writ do not require dismissal, provided that timely service is accomplished upon the decision-maker and counsel for the adverse parties. *State ex rel. Boetcher v. Nelson,* 137 Minn. 265, 161 N.W. 714 (1917). The writ should be addressed to the commissioners individually and as members of the commission, as required by *Ryan. See, e.g., City of Minneapolis v. Singer,* 253 N.W.2d 150 (Minn.1977) (writ properly addressed to commissioners "Individually and as Members of the Civil Service Commission"). However, there has been no demonstration of actual prejudice due to the incorrect caption. *See Boom v. Boom,* 361 N.W.2d 34 (Minn.1985) (dismissal not always required for nonjurisdictional defects).

Regardless of the incorrect caption on this writ, jurisdiction could have been con-

ferred by timely serving the individual commissioners. The failure to timely serve the agency and adverse parties requires that the writ be discharged. *Larson v. LeMere,* 220 Minn. 25, 18 N.W.2d 696 (1945); *Haimila v. Opsahl Co.,* 208 Minn. 605, 293 N.W. 599 (1940).

The Minneapolis City Charter has not been modified, since the *Ryan* decision in 1967, so as to make service upon one commissioner effective service upon the entire commission. *See* Minneapolis, Minn., City Charter and Code of Ordinances ch. 19 (Supp. No. 9, 12–83). *Ryan* has not been overruled or limited. Relator has cited no authority, and our research has disclosed none, which holds that service upon Commissioner Gallagher alone constitutes service sufficient to confer jurisdiction.

It is undisputed that the time for service has now run. We may not extend the time for securing review. Minn.R.Civ.App.P. 126.02. It is not feasible to sever and dismiss portions of the appeal involving the commissioners who were not served. *Cf. Hibbing Educational Association v. Public Employment Relations Board,* 342 N.W.2d 355 (Minn.Ct.App.1984) (where timely service was made upon some adverse parties, writ could be discharged as to parties not served, while appeal continued against agency and parties timely served). The writ of certiorari in this case must be discharged and the entire appeal dismissed.

Writ of certiorari discharged.