**In the Matter of ULTRAFLEX ENTERPRISES' APPEAL from Decertification in the Minnesota Small Business Procurement Program.**

**No. C8–92–1970.**

Court of Appeals of Minnesota.

Dec. 29, 1992.

Legal Aid Soc. of Minneapolis, Inc., Pamela S. Hoopes, Patricia M. Siebert, and Popham, Haik, Schnobrich & Kaufman, Ltd., Kevin P. Staunton, Minneapolis, for relator Ultraflex Enterprises.

Hubert H. Humphrey, III, Atty. Gen., Amy V. Kvalseth, Sp. Asst. Atty. Gen., St. Paul, for respondent Commissioner of Admin.

Considered and decided at Special Term by ANDERSON, C.J., and PARKER and PETERSON, JJ.

SPECIAL TERM OPINION

ANDERSON, Chief Judge.

FACTS

The Minnesota Department of Administration certified relator Ultraflex Enterprises to participate in the Minnesota Small Business Procurement Program. That program requires the state to award a certain number of contracts annually to businesses that are majority owned and operated by certain targeted groups including women, minorities, or disabled persons. Minn.Stat. § 16B.19, subd. 2a (Supp.1991).

In June 1992, the Department informed Ultraflex that its certification for participation in the program would be revoked. The Department's procedural rules provide for an internal appeal process:

When a business is removed from the certified directory * * * the business may appeal the removal and disqualification to the commissioner of administration in writing within 15 calendar days of the receipt of the notice of removal. * * * The commissioner shall request that the business choose either an informal review of the disqualification under item A or a formal review under item B if facts of the matter are in dispute.

A. Under an informal review process, the Small Business Procurement Advisory Council shall * * * review the facts * * * and * * * take one of the following actions:

(1) reinstate the business to the certified directory;

(2) affirm the removal of the business; or

(3) refer the matter to the Office of Administrative Hearings for a contested case hearing under Minnesota Statutes, sections 14.57 to 14.62.

\* \* \* \* \* \*

The commissioner shall consider the recommendation and make a final decision on the matter.

\* \* \* \* \* \*

B. Within 30 calendar days after a request by the business or the council for formal review, the commissioner will initiate a contested case hearing under Minnesota Statutes, sections 14.57 to 14.62 * * * The commissioner shall make a final decision on each appeal.

Minn.R. 1230.1850, subpt. 4 (Supp.1992).

Ultraflex appealed the Department's decision, and the Commissioner proceeded pursuant to the informal review process described above. The Commissioner referred the matter to the Small Business Procurement Advisory Council, which recommended that the Commissioner affirm the removal of Ultraflex from the program. The Council issued its recommendation without referring the matter for a contested case hearing.

On September 8, 1992, the Commissioner issued a final decision adopting the Council's recommendation and upholding the revocation of Ultraflex's participation in the program. Ultraflex received the Commissioner's decision on September 10, 1992.

Ultraflex filed a petition for a writ of certiorari on October 9, and the Clerk of Appellate Courts issued the writ that same day. Ultraflex served the Commissioner with the petition and issued writ on October 16, 1992.

The respondent Commissioner has moved to dismiss the appeal, claiming the writ was not timely issued and the petition and writ were not timely served.

DECISION

■ If a writ is not timely issued or served, the writ must be discharged for

lack of jurisdiction. *See Roseville Educ. Ass'n v. Independent Sch. Dist. No. 623,* 391 N.W.2d 846, 849 (Minn.1986); *In re Recommendation for Discharge of Brown,* 434 N.W.2d 277, 279 (Minn.App. 1989), *pet. for rev. denied* (Minn. Feb. 28, 1989).

The Commissioner cites the rules of civil appellate procedure, which provide:

> Review by the Court of Appeals of * * * decisions reviewable by certiorari and review of decisions appealable pursuant to the Administrative Procedure Act may be had by securing issuance of a writ of certiorari within 30 days after the date of mailing notice of the decision to the party applying for the writ *unless an applicable statute prescribes a different period of time.*

Minn.R.Civ.App.P. 115.01 (emphasis added).

> The petitioner shall serve copies of the petition and writ upon the court or body to whom it is directed and upon any party within 30 days after the date of mailing notice of the decision to the petitioner, *unless an applicable statute prescribes a different period of time.*

Minn.R.Civ.App.P. 115.03, subd. 4 (emphasis added). When the decision is mailed, three days are added to the time in which to appeal. *See Kenzie v. Dalco Corp.,* 309 Minn. 495, 245 N.W.2d 207 (1976); Minn. R.Civ.App.P. 126.01; Minn.R.Civ.P. 6.05. If we were to apply the above provisions of Rule 115 to the facts of the instant appeal, we would agree with the Commissioner that the issued writ was untimely served.

Rule 115, however, states that its provisions do not govern if "an applicable statute prescribes a different period of time." Ultraflex cites the Minnesota Administrative Procedure Act, which provides that the petition for the writ must be filed with the court and served on the agency "not more than 30 days after the party receives the final decision and order of the agency." Minn.Stat. § 14.63 (1990).

Section 14.63 governs certiorari appeals from "contested cases." The Department's rules allow for contested case hearings in certain situations, but Ultraflex did not receive a contested case hearing. According-ly, the review provisions of section 14.63 are not applicable to Ultraflex's appeal.

The Commissioner's decision was a quasi-judicial decision, subject to some form of appellate review. *See In re Occupational License of Haymes,* 444 N.W.2d 257, 258 (Minn.1989) ("judicial review of an executive branch's quasi-judicial decision is constitutionally mandated"). There is no provision in either chapter 16B or the Department's rules for judicial review of a Commissioner's decision issued pursuant to the informal appeal provisions of section 16B.19 where a contested case hearing has not been conducted. Therefore, a certiorari appeal from the Commissioner's decision is appropriate pursuant to the provisions of chapter 606. *See Haymes,* 444 N.W.2d at 259 ("[w]here no right of discretionary review has been provided by statute or appellate rules for the quasi-judicial decision of an administrative agency * * * an aggrieved party has the common law right to petition for a writ of certiorari pursuant to Minn.R.Civ.App.P. 120 and Minn.Stat. § 606.01").

> Minn.Stat. § 606.01 (1990) provides:
> No writ of certiorari shall be issued, to correct any proceeding, unless such writ shall be issued within 60 days after the party applying for such writ shall have received due notice of the proceeding sought to be reviewed thereby.

The issued writ must also be served upon the adverse party within 60 days after the party applying for the writ has received due notice of the proceedings sought to be reviewed. Minn.Stat. § 606.02. Chapter 606 therefore provides a different period of time from that specified in Rule 115 for issuance and service of the *writ.* Under Chapter 606, the writ in the present case would have been timely issued and served.

Chapter 606 does not provide a different period of time from that specified in Rule 115 for service of the *petition* for the writ. In fact, Chapter 606 is silent regarding service of the petition. Nevertheless, we conclude that if a party has appropriately obtained and served a writ of certiorari in accordance with the 60–day time limitations in Chapter 606, the party need not also

comply with the 30–day time limitations of Rule 115 for service of the petition. *Cf. Oster & Pederson, Inc. v. Commissioner of Taxation,* 266 N.W.2d 162, 164 (Minn. 1978) ("[t]his court will entertain jurisdiction over an appeal where either the statute or the rules were complied with"). It would be anomalous to require a party to serve a petition for a writ within 30 days when the party is allowed 60 days to decide whether to obtain and serve the writ.

In the present case, it is unclear whether the writ was actually issued pursuant to Chapter 606. It is more likely that the writ was issued pursuant to section 14.63, as relator's statement of the case suggests. This error is understandable in view of the language in chapter 16B authorizing contested case hearings in some instances.

■ In prior cases where certiorari has been deemed the appropriate method of seeking review, but where a party has improperly appealed by means of a declaratory judgment action or a petition for discretionary review, the supreme court has indicated that the actions should be dismissed. *See, e.g., Dokmo v. Independent Sch. Dist. No. 11,* 459 N.W.2d 671 (Minn.1990), *reh'g denied* (Minn. Oct. 12, 1990); *Haymes,* 444 N.W.2d at 259. Under the circumstances of this case, however, the error by Ultraflex was harmless, because a writ of certiorari was actually issued. *Cf. Henry v. Minnesota Pub. Utils. Comm'n,* 365 N.W.2d 770, 771 (Minn.1985) (technical violation of rules of appellate procedure did not constitute jurisdictional defect requiring discharge of the writ). Consequently, *Dokmo* and *Haymes* are distinguishable, and Ultraflex's appeal should not be dismissed.

Motion to dismiss appeal denied.