In the Matter of the LICENSE APPLICATIONS OF POLK COUNTY AMBULANCE SERVICE, Crookston, Minnesota, and County Emergency Medical Services, Fertile, Minnesota.

No. C5–96–347.

Court of Appeals of Minnesota.

May 28, 1996.

Ken D. Schueler, Dunlap & Seeger, P.A., Rochester, for Relator County Emergency Medical Services.

Hubert H. Humphrey, III, Attorney General, Richard A. Wexler, Assistant Attorney General, St. Paul, for Respondent Department of Health.

Harold A. Frederick, Fryberger, Buchanan, Smith & Frederick, Duluth, for Respondent Polk County Ambulance Service.

Considered and decided by KLAPHAKE, P.J., and RANDALL and DAVIES, JJ.

## SPECIAL TERM OPINION

KLAPHAKE, Judge.

### FACTS

Relator County Emergency Medical Services challenges a licensing decision made by respondent Minnesota Department of Health. Respondents, the department and an ambulance service competing with relator, moved to discharge the writ of certiorari.

The agency decision was issued and mailed to the parties on January 15, 1996. On February 12, 1996, relator served by first class mail the petition for writ of certiorari, statement of the case, and proposed writ on counsel for both respondents. On the same day, the petition was received by the Clerk of the Appellate Courts, and a writ of certiorari was issued.

It is undisputed that the appeal was filed with this court in a timely manner. Nevertheless, respondents seek dismissal based on (a) relator's failure to serve a copy of the issued writ in accordance with Minn.R.Civ. App.P. 115.03, subd. 4, and (b) relator's reliance on first class mail, rather than personal service or certified mail. By special term order, this court denied respondents' motion. This opinion sets forth our reasons.

## DECISION

Certiorari in Minnesota is not a common-law writ, but a statutory remedy, and the statutory provisions are strictly construed. *State ex rel. Ryan v. Civil Serv. Comm'n,* 278 Minn. 296, 301, 154 N.W.2d 192, 196 (1967). The appellate rules promulgated by the supreme court generally define the procedure for obtaining certiorari review, but they apply only if no "applicable statute prescribes a different period of time." Minn. R.Civ.App.P. 115.01 (specifying that certiorari review is obtained by securing issuance of a writ within 30 days after date of mailing agency decision, unless applicable statute prescribes different period), 115.03, subd. 4 (requiring service of petition and writ on agency and other parties within 30 days after date of mailing agency decision, unless applicable statute prescribes different period). In this case, the "applicable statute" is the Minnesota Administrative Procedure Act (APA), which prescribes a different deadline for service of the petition and supersedes the rules. *See* Minn.Stat. § 14.63 (1994) (requiring that petition be filed and served within 30 days after party receives agency decision).

Under the APA, certiorari proceedings are "instituted" by serving and filing a petition within 30 days after a party receives a final agency decision. *Id.* § 14.63. In contrast to the rules, the APA does not calculate the time for appeal from the date on which the agency mails the decision, and it does not specify any deadline for issuance of the writ. *Cf.* Minn.R.Civ.App.P. 115.01 (requiring party to secure issuance of writ within 30 days after date of mailing), 115.03, subd. 4 (requiring service of petition and writ within 30 days after mailing). Construing a different statute, the supreme court has held that failure to serve copies of the issued writ does not defeat jurisdiction, absent a requirement in the applicable statute that a party secure

issuance of a writ to initiate certiorari review. *Gonsior v. Alternative Staffing, Inc.*, 383 N.W.2d 654, 655 (Minn.1986) (construing Minn.Stat. § 268.10, subd. 8 (1984), requiring service and filing of the petition within 30 days of mailing notice of agency decision). Because the APA has no such requirement, jurisdiction vests upon the timely filing and service of a petition for certiorari.

Respondents would have this court interpret Minn.R.Civ.App.P. 115.03, subd. 4, requiring service of the petition and writ within 30 days after mailing of the agency decision, as a jurisdictional requirement. But because the APA governs certiorari review in this case, relator was required to comply with the statutory provisions, and insofar as the rules were superseded by the APA, they are inapplicable. *In re Ultraflex Enters.*, 494 N.W.2d 89 (Minn.App.1992); *see also Gonsior*, 383 N.W.2d at 655. It would be anomalous to require a party to comply with a shorter deadline imposed by the rules, when the party is by statute allowed a longer period to initiate an appeal. *See Ultraflex*, 494 N.W.2d at 92. The applicable statute in *Ultraflex* required that the writ be issued within 60 days after a party received notice of the decision, but did not provide any deadline for service of the petition. *Id.* at 91. While the APA specifies the deadline for serving the petition, and not for issuance of the writ, the legal principle is the same: The statute governs, and the conflicting rule is inapplicable.

The APA directs that the petition for certiorari be served personally or by certified mail. Minn.Stat. § 14.64. Counsel for both respondents acknowledge receipt of the petition, proposed writ, and statement of the case, and they do not contest their status as representatives for the respondents. Because the APA does not define personal service, we apply the appellate rule's definition, which includes the delivery of documents to the office of an attorney representing a party. Minn.R.Civ.App.P. 125.03. Thus, delivery to respondents' counsel was personal service. In a related context, the supreme court held that service on an assistant attorney general constituted service on the agency. *State v. Scientific Computers, Inc.*, 388 N.W.2d 748 (Minn.1986). Because respondents' attorneys have confirmed receipt of the petition for certiorari at their offices, service was sufficient under the statute.

**Motion to discharge writ of certiorari denied.**