## In re TERMINATION OF Winton GAY.

### No. C3–96–959.

Court of Appeals of Minnesota.

Nov. 5, 1996.

Review Denied Jan. 7, 1997.

Marshall H. Tanick, Daniel R. Kelly, Mansfield & Tanick, P.A., Minneapolis, for Relator Winton Gay.

Christopher J. Harristhal, Larkin, Hoffman, Daly & Lindgren, Ltd., Bloomington, for Respondent City of Victoria.

Considered and decided by WILLIS, P.J., and LANSING and KALITOWSKI, JJ.

## OPINION

KALITOWSKI, Judge.

Relator Winton W. Gay appeals by writ of certiorari from a decision of the city council of respondent City of Victoria terminating his employment with the city. Although Gay timely obtained the writ, the issued writ was not served on the city until after the appeal period expired.

## FACTS

The city discharged relator Winton W. Gay from his employment as the city's public works superintendent. Pursuant to the city's personnel code, Gay appealed his termination to the city council. On April 15, 1996, the council issued a written order upholding the termination. Gay received notice of the April 15, 1996, order on April 18, 1996.

On May 9, 1996, Gay served a petition for writ of certiorari and a proposed writ on counsel for the city. The clerk of appellate courts issued the writ on May 10, 1996. Gay did not serve the city with a copy of the issued writ of certiorari until June 26, 1996.

## ISSUE

Did Gay's failure to serve the issued writ on the city within the appeal period deprive this court of jurisdiction to consider the appeal?

## ANALYSIS

A writ of certiorari pursuant to Minn.Stat. ch. 606 (1994) is the only mechanism by which Gay can obtain judicial review of the city's decision to terminate his employment. *See Dietz v. Dodge County,* 487 N.W.2d 237, 239 (Minn.1992) (county's employment termination decision reviewable only by certiorari under Minn.Stat. ch. 606).

Minn.Stat. § 606.01 provides:

No writ of certiorari shall be issued, to correct any proceeding, unless such writ shall be issued within 60 days after the party applying for such writ shall have received due notice of the proceeding sought to be reviewed thereby.

In this case, the appeal period expired on June 17, 1996, which was 60 days after Gay received notice of the city's termination order on April 18, 1996. Gay timely obtained the writ on May 10, 1996. But the statute also requires service of the writ within the 60–day appeal period:

Such writ must also be served upon the adverse party within such period of 60 days.

Minn.Stat. § 606.02.

Gay did not serve the issued writ on the city until June 26, 1996, after the 60–day appeal period expired. Gay contends, however, that his service of a proposed writ on May 9, 1996, satisfies the statutory requirement. We disagree.

This court has interpreted Minn.Stat. § 606.02 as requiring service of the signed, or "issued," writ. *In re Ultraflex Enters.,* 494 N.W.2d 89, 91 (Minn.App.1992). In construing a different certiorari statute requiring service of the *petition* for the writ within the appeal period, but not the writ itself, the supreme court has held that failure to serve copies of the issued writ does not defeat jurisdiction. *Gonsior v. Alternative Staffing, Inc.,* 383 N.W.2d 654, 655 (Minn.1986). But the court limited its holding to the unique statutory scheme at issue, pointing out that different statutory requirements exist "for other areas of the law in which the issuance of a writ of certiorari is the method for obtaining judicial review." *Id.*

Issuance and service of the writ of certiorari under chapter 606 is the method for obtaining judicial review in this case. Consistent with *Gonsior,* we hold that timely service of the issued writ pursuant to Minn. Stat. § 606.02 is required to vest jurisdiction in this court. Because the writ is not issued until it is signed by the clerk of appellate courts, Gay's service of a proposed writ on May 9, 1996, did not satisfy the jurisdictional requirement.

 Gay relies on two cases interpreting predecessor statutes to chapter 606, in which the supreme court indicated that strict compliance with the statutory requirements was unnecessary. *See Eichholz v. Shaft,* 166 Minn. 339, 345, 208 N.W. 18, 20 (1926) (declining to discharge writ for lack of service where informal written notice was given adverse party within appeal period); *Boetcher v. Nelson,* 137 Minn. 265, 267, 161 N.W. 714, 715 (1917) (absence of surety's endorsement on writ and failure to serve copy of order allowing writ did not require dismissal).

Subsequently, however, the supreme court has held that the statutory provisions of chapter 606 are to be strictly construed. *State ex rel. Ryan v. Civil Serv. Comm'n,* 278 Minn. 296, 301, 154 N.W.2d 192, 196 (1967) (discharge of writ required because it was not endorsed by surety and effective service was not made upon agency). Consistent with *Ryan,* strict construction of Minn.Stat. § 606.02 compels the conclusion that a relator must obtain and serve the issued writ within the appeal period to vest jurisdiction in this court.

Because Gay failed to timely serve the issued writ, we lack jurisdiction to consider this appeal. *See Township of Honner v. Redwood County,* 518 N.W.2d 639, 641 (Minn.App.1994) (court of appeals lacks authority to extend time to obtain writ of certiorari and may not hear untimely appeal in the interests of justice), *review denied* (Minn. Sept. 16, 1994); *Ultraflex,* 494 N.W.2d at 90–91 (if writ is not timely issued or served, writ must be discharged for lack of jurisdiction); *see also In re License of Haymes,* 444 N.W.2d 257, 259 (Minn.1989) (discretionary appellate review barred by relator's failure to perfect certiorari appeal in timely fashion).

## DECISION

Gay's failure to timely serve the issued writ deprives this court of jurisdiction.

**Writ of certiorari discharged.**