**CITY OF VICTORIA, Relator,**

v.

**COUNTY OF CARVER, Respondent.**

No. C6–97–1064.

Court of Appeals of Minnesota.

Sept. 2, 1997.

Review Denied Sept. 18, 1997.

Timothy J. Keane, Daniel W. Voss, Larkin, Hoffman, Daly & Lindgren, Ltd., Bloomington, for relator.

Michael A. Fahey, Office of County Attorney, Chaska, for respondent Carver County.

Scott W. Johnson, Jason D. Topp, Faegre & Benson, LLP, Minneapolis, for permittee Sprint Spectrum L.P.

Considered at Special Term and decided by TOUSSAINT, C.J., and DAVIES and PETERSON, JJ.

## SPECIAL TERM OPINION

TOUSSAINT, Chief Judge.

### FACTS

Sprint Spectrum L.P. filed an application with respondent Carver County for a conditional use permit to erect a 190–foot communications tower for transmitting wireless service signals. Relator City of Victoria opposed the permit. On April 15, 1997, the county board granted Sprint's application for the permit. On June 13, the city obtained a writ of certiorari to review the county's decision but did not serve Sprint with the appeal papers. On July 24, Sprint filed a motion to dismiss for lack of jurisdiction.

### DECISION

A relator must serve a writ of certiorari on every "adverse party" within 60 days after the relator-received notice of the decision from which it seeks review. Minn. Stat. § 606.02 (1996). If the relator does not serve the writ timely on the adverse party, that party may have the writ dismissed on motion. Minn.Stat. § 606.05 (1996). Timely service of the writ is a jurisdictional requirement. *In re Termination of Gay,* 555

N.W.2d 29, 31 (Minn.App.1996), *review denied* (Minn. Jan. 7, 1997). Failure to serve the writ on "adverse parties" within 60 days requires the discharge of the writ. *In re Brown,* 434 N.W.2d 277, 279 (Minn.App.1989) (citations omitted), *review denied* (Minn. Feb. 28, 1989). This court may not extend the time for securing review. *Id.* (citing Minn. R. Civ.App. P. 126.02).

The city's assertion that the county is the sole adverse party is without merit. An "adverse party" is "[a]ny party who would be prejudiced by a reversal or modification of an order, award, or judgment[.]" *Larson v. Le Mere,* 220 Minn. 25, 27–28, 18 N.W.2d 696, 698 (1945) (citations omitted); *see Thayer v. Duffy,* 240 Minn. 234, 254–55, 63 N.W.2d 28, 40 (1953) (holding that appealing party must give notice of appeal to "every party whose interest in the subject of the appeal is in direct conflict with an affirmance, reversal, or modification of the judgment or order" at issue) (citations omitted). In this case, reversal or modification of the permit on appeal would prejudice Sprint because such a result would prevent Sprint from constructing the tower. Sprint has begun wireless service in the St. Paul/Minneapolis area, and the lack of a tower has resulted in a gap in its coverage. Moreover, the city has cited no authority holding that the applicant for a permit is not a party entitled to notice of an appeal challenging the issuance of that permit.

The city attempts to distinguish *Larson* on the ground that the county's decision to issue the permit is either "an order, award, or judgment." *See Larson,* 220 Minn. at 27–28, 18 N.W.2d at 698 (holding party prejudiced by reversal or modification of "order, award, or judgment" must be served with notice of appeal). The county's decision, however, is entitled "An Order Finding Certain Facts and Ordering the Issuance of a Conditional Use Permit." The city has not established that *Larson* is inapplicable to the issuance of a conditional use permit.

The city also argues that Sprint is merely an interested party in a position no different from other interested persons, such as construction contractors and Sprint customers. Unlike these other persons, the order authorizing the permit expressly identifies Sprint as the applicant and has a direct impact on Sprint's rights and interests.

Finally, the city should have recognized Sprint as an adverse party because Sprint could have obtained its own writ of certiorari if the county had denied its permit application. *See Neitzel v. County of Redwood,* 521 N.W.2d 73, 76 (Minn.App.1994) (holding that writ of certiorari issued by court of appeals is the only available method for applicant to obtain judicial review of county board's denial of conditional use permit), *review denied* (Minn. Oct. 27, 1994). Because Sprint is an adverse party, the city's failure to serve Sprint in a timely manner compels dismissal of this appeal.

**Writ of certiorari discharged.**