Henry HICKMAN, Relator,

v.

**COMMISSIONER OF HUMAN SERVICES, Respondent.**

No. A04–523.

Court of Appeals of Minnesota.

July 20, 2004.

Henry Hickman, St. Paul, MN, pro se relator.

Cynthia B. Jahnke, Assistant Attorney General, St. Paul, MN, for respondent commissioner.

Considered at Special Term and decided by TOUSSAINT, Chief Judge; PETERSON, Judge; and HARTEN, Judge.

## SPECIAL TERM OPINION

TOUSSAINT, Chief Judge.

### FACTS

Relator Henry Hickman is a chemical-dependency counselor. Progress Valley, Inc. and My Home, Inc. submitted relator's background-study forms to the Commissioner of the Minnesota Department of Human Services (commissioner) for review. By letters dated October 24, 2003, and November 18, 2003, the Department of Human Services Licensing Division notified relator that, due to relator's 2003 conviction for attempt to coerce and relator's 1990 conviction for two counts of theft, relator is disqualified from providing direct-contact services for facilities licensed by the Minnesota Department of Human Services and the Minnesota Department of Health, from facilities serving children or youth licensed by the Minnesota Department of Corrections, and from unlicensed personal-care-provider organizations. The October 24 and November 18 letters notified relator of his right to seek reconsideration of the disqualification.

On November 13, 2003, relator requested reconsideration using a form provided by the Department of Human Services. In his reconsideration request, relator described the attempt-to-coerce offense as an isolated incident resulting from the end of a personal relationship. Relator expressed remorse for the incident but stated it did not show a risk of harm to relator's clients, with whom relator indicated he had always maintained a strictly professional relationship. Relator also cited his past employment and his unblemished record as a chemical-dependency counselor.

In a letter dated December 10, 2003, the commissioner notified relator that the October 24 and November 18 disqualifications were not set aside. The letter states that the commissioner determined that relator had failed to show that he did not pose a risk of harm, basing the determination on the number of disqualifying of-

fenses, the recency of relator's attempt-to-coerce conviction, and the victimizing nature of the latest disqualifying offense. The December 10 letter stated that it was a final decision, and notified relator of his right to file a certiorari appeal with the court of appeals within 60 days after receipt of the decision.

Relator did not file a certiorari appeal with this court from the December 10 decision. Instead, relator sent a letter dated January 20, 2004, to the commissioner requesting reconsideration of the December 10 decision. The letter provides more information about the attempt-to-coerce offense, stating that relator was "scared and resentful" over the termination of his relationship with the victim and that the victim was demanding repayment of money given to relator throughout the course of the relationship. Relator provided examples of the victim's financial demands, and also enclosed letters and feedback statements from human services professionals and from clients that relator had counseled.

On February 2, the commissioner issued a decision denying relator's "second request for reconsideration." The decision states that the following factors are determinative: (1) the recency of the felony conviction for attempt to coerce; (2) the victimizing nature and consequences of relator's acts that led to the conviction; (3) information contained in a Dakota County Sheriff's Department report showing that relator placed the blame on the victim of the crime; (4) the number of disqualifying events; and (5) the lack of evidence that relator had undergone any training or rehabilitation as a result of the conviction, other than court-ordered time spent incarcerated. The February 2 decision, like the December 10 decision, states that it is a final agency decision subject to review in the court of appeals by certiorari.

On March 26, 2004, relator filed this certiorari appeal from the February 2 decision. This court questioned whether the December 10 decision was the final agency decision and, if so, whether the time to appeal that decision expired before this appeal was filed. The parties submitted memoranda addressing the jurisdiction question.

## DECISION

■ The appeal period and the acts required to invoke appellate jurisdiction in a certiorari appeal are governed by the applicable statute. Minn. R. Civ.App. P. 115.01. The commissioner's decision to grant or deny a request to set aside a disqualification is a final administrative-agency action reviewable by certiorari under Minn.Stat. ch. 606. *Rodne v. Comm'r of Human Servs.,* 547 N.W.2d 440, 444 (Minn.App.1996). No writ of certiorari shall be issued to correct any proceeding unless such writ shall be issued within 60 days after the party applying for such writ shall have received due notice of the proceeding sought to be reviewed thereby. Minn.Stat. § 606.01 (2002). The writ must be served on the adverse party within the 60–day period. Minn.Stat. § 606.02 (2002).

■ Certiorari ordinarily is available only when the order from which the appeal is taken is a final determination of the parties' rights, rather than an interlocutory or intermediate order. *Overseas Commodities Corp. v. Dockman,* 389 N.W.2d 254, 256 (Minn.App.1986). The October 24 and November 18 initial disqualification determinations were not immediately appealable because relator had the right to seek reconsideration within 30 days. *See* Minn.Stat. § 245C.21, subd. 2 (Supp.2003).

■ The commissioner's December 10 decision refusing to set aside the October 24 and November 18 disqualification deter-

minations was the final agency decision, with immediate consequences for relator. If the individual studied does not submit a timely request for reconsideration under section 245C.21 or the individual submits a timely request for reconsideration, but the commissioner does not set aside the disqualification, the commissioner shall notify the license holder of the disqualification and order the license holder to immediately remove the individual from any position allowing direct contact with persons receiving services from the license holder. Minn.Stat. § 245C.23, subd. 2 (Supp. 2003).

The appeal period expired 60 days after relator received the December 10 decision. *See* Minn.Stat. § 606.01. The commissioner states that the December 10 decision was mailed to relator on December 10. Relator does not indicate when he received the December 10 decision, but relator does not claim that receipt of the decision was delayed. This certiorari appeal was filed on March 26. Relator has not demonstrated that the writ of certiorari was issued and served within 60 days after he received notice of the December 10 decision.

The commissioner agrees that the time to appeal the December 10 decision expired before this appeal was filed, but the commissioner argues that there are issues this court can review in an appeal from the February 2 decision denying relator's second motion for reconsideration. The commissioner states that new information provided by a disqualified individual may be reviewed to determine if the information demonstrates that the individual does not pose a risk of harm.

■ The commissioner may *rescind* a previous set aside of a disqualification based on "new information" that indicates the individual may pose a risk of harm to persons served by the applicant, license holder, or registrant. Minn.Stat.

§ 245C.22, subd. 6 (Supp.2003). But the statute does not contain a similar provision allowing the commissioner to reconsider a final decision denying a request to set aside a disqualification based on new information.

■ Even if the commissioner does have inherent authority to reconsider the denial of a request to set aside a disqualification based on new information, relator's second reconsideration request does not include any information that was not available to relator at the time he made his first request for reconsideration of the initial disqualification determinations. The statute governing reconsideration of initial disqualification determinations allows the disqualified individual to request additional time, not to exceed 30 days, to obtain information in support of the request for reconsideration. Minn.Stat. § 245C.21, subd. 2. But Minn.Stat. ch. 245C does not authorize the disqualified individual to file a second reconsideration motion challenging the commissioner's decision on the first, timely motion for reconsideration.

■ In a certiorari appeal under Minn. Stat. ch. 606, if the writ of certiorari is not timely issued or served, the writ must be discharged for lack of jurisdiction. *In re Ultraflex Enterprises' Appeal,* 494 N.W.2d 89, 90–91 (Minn.App.1992). The general certiorari statute, Minn.Stat. ch. 606, does not provide that the 60–day appeal period is extended by a motion to reconsider the final agency decision. The time to file a certiorari appeal of the December 10 final agency decision was not extended by the commissioner's acceptance of relator's second, untimely reconsideration request, and the February 2 order denying the unauthorized reconsideration request is not independently appealable. *See Limongelli v. GAN Nat'l Ins. Co.,* 590 N.W.2d 167, 169 (Minn.App.1999) (dismissing appeal from

judgment denying reconsideration and holding that district court lacked authority to extend time to appeal original, final judgment).

This court may not extend the time prescribed by law for securing review of an administrative-agency decision. Minn. R. Civ.App. P. 126.02. Because relator failed to file a timely certiorari appeal from the December 10 final agency decision, and the February 2 decision denying the unautho- rized reconsideration request is not independently appealable, we must dismiss this appeal.

**Writ of certiorari discharged.**