759 N.W.2d 406 (2009)
In the Matter of the Risk Level Determination of J.M.T.
No. A08-365.
Supreme Court of Minnesota.
January 15, 2009.
Stephen L. Smith, The Law Firm of Stephen L. Smith, P.L.L.C., Minneapolis, MN, for appellant.
Lori Swanson, Attorney General, Angela Helseth, Assistant Attorney General, St. Paul, MN, for respondent.

OPINION
MAGNUSON, Chief Justice.
We granted J.M.T.'s petition for further review of a Minnesota Court of Appeals decision dismissing his appeal for lack of jurisdiction. The court of appeals held that it lacked jurisdiction because J.M.T. failed to properly serve a petition for writ of certiorari on the State within the 30-day time period prescribed by the Minnesota Administrative Procedure Act (MAPA), *407 Minn.Stat. §§ 14.63-.69 (2008). We affirm, but for reasons different than those stated by the court of appeals.
Appellant, J.M.T., pleaded guilty to one count of Fourth Degree Criminal Sexual Conduct, Minn.Stat. § 609.345 (2008), on April 9, 2001. On his release from prison, the End of Confinement Review Committee (ECRC) determined that J.M.T. warranted a sex offender risk level score of one. On April 19, 2007, following J.M.T.'s failure to complete sex offender treatment and conviction on a charge of prostitution, the ECRC met again and raised J.M.T.'s risk level score to two. J.M.T. appealed the ECRC's decision to an Administrative Law Judge (ALJ). The ALJ affirmed J.M.T.'s level two risk level assessment on January 23, 2008.
The ALJ's decision was received by J.M.T.'s attorney on the next day, January 24, 2008. MAPA provides that any appeal of an ALJ's decision must be taken within 30 days of the date the ALJ's decision is received. Minn.Stat. § 14.63. In order to appeal, the appellant must serve a petition for writ of certiorari on the applicable state agency by either personal service or certified mail. Minn.Stat. §§ 14.63-.64.
J.M.T.'s appeal period expired on Monday, February 25, 2008, the first business day after the 30th day, which fell on Saturday, February 23. See Minn.Stat. § 645.15 (2008) (providing that when the last day of a period falls on a Saturday, Sunday, or a legal holiday, "that day shall be omitted from the computation"). J.M.T. sent the petition by first-class mail to the attorney general on February 25, 2008. The attorney general received the petition on Tuesday, February 26.
The court of appeals dismissed J.M.T.'s appeal, holding that the court lacked jurisdiction because the petition was not served within the required 30-day period. In the Matter of the Risk Level Determination of J.M.T., No. A08-365, order op. at 4 (Minn. App. Apr. 15, 2008). The court of appeals relied on its decision in In re License Applications of Polk County Ambulance Service, 548 N.W.2d 300, 302 (Minn.App. 1996), which held that service of a petition by first-class mail was proper so long as the petition was actually received by the applicable state agency within the required period. The Polk County court analogized service by first-class mail with personal service. Id. Relying on Polk County, the court of appeals concluded that petitions served by first-class mail are effective only if actually received within the 30-day appeals period. J.M.T., No. A08-365, order op. at 3. Accordingly, because the Attorney General did not receive J.M.T.'s petition until after the appeals period expired, the court of appeals held that it lacked jurisdiction to hear the appeal. Id. We granted J.M.T.'s petition for further review of the court of appeals' ruling.
We review questions of statutory interpretation de novo. State v. Thompson, 754 N.W.2d 352, 355 (Minn.2008). Words and phrases are interpreted according to their common meaning. Minn.Stat. § 645.08 (2008). The clear language of a statute should not be disregarded in order to pursue the spirit of the law. Minn.Stat. § 645.16 (2008).
Review of an administrative decision by the court of appeals is by writ of certiorari. Minn.Stat. § 14.63. The civil appellate rules do not provide control on the time period or procedures for obtaining review. Rather, the civil appellate rules state that "[t]he appeal period and the acts required to invoke appellate jurisdiction are governed by the applicable statute." Minn. R. Civ.App. P. 115.01. Therefore, the requirements for initiating appellate review of administrative decisions subject to MAPA are governed by *408 MAPA itself. Only if MAPA is silent on a matter of procedure do court rules control. See Sorenson v. Life Style, Inc., 674 N.W.2d 439, 440 (Minn.App.2004); cf. Eischen Cabinet Co. v. Hildebrandt, 683 N.W.2d 813, 818 (Minn.2004) (holding that service by certified mail is effective upon mailing and using the rules of civil procedure as one factor in the court's determination).
MAPA provides that an aggrieved person may appeal from an administrative decision by filing a petition for certiorari with the court of appeals and serving it on the agency within 30 days of receiving the final decision and order of the agency. Minn.Stat. § 14.63. MAPA states that service must be made by either personal service or certified mail. Minn.Stat. § 14.64.
J.M.T. argues that, under Polk County, service is proper so long as the petition is received by the agency because, in that case, the court of appeals equated receipt of a petition by first-class mail with delivery by personal service. J.M.T. argues further that the court of appeals erred in holding that Minn. R. Civ.App. P. 125.03, which provides that service by first-class mail is effective on mailing, did not apply. Under J.M.T.'s argument, the mailed petition was "personally served" when received, and that receipt related back to the day of mailing. We disagree with J.M.T., but based on different reasoning than that employed by the court of appeals.
MAPA requires that service be made by personal service or certified mail. Minn.Stat. § 14.64. J.M.T. concedes that he served the petition by first-class mail, which is not a form of service authorized by MAPA. The court of appeals only has appellate jurisdiction "as prescribed by law." Minn. Const. art. VI, § 2. Therefore, the court of appeals lacks jurisdiction to adjudicate administrative appeals not served in accordance with the requirements of MAPA.
We hold that Polk County was wrongly decided because it held that service by first-class mail is delivery by personal service when the mailing is received. First-class mail, even if received, is simply not personal service. Personal service requires delivery to the party or to an appropriate representative. Minn. R. Civ. P. 4.03.[1]
Here, the language of the statute is clear: "Proceedings for review ... shall be instituted by serving a petition for a writ of certiorari personally or by certified mail upon the agency...." Minn.Stat. § 14.64 (emphasis added). The legislature provided only two acceptable methods of service: personal service and certified mail. J.M.T. used neither. Accordingly, service was not proper and the court of appeals properly dismissed J.M.T.'s appeal.
Affirmed.
NOTES
[1] Minn. R. Civ.App. P. 125.03 states that "[p]ersonal service includes delivery of a copy of the document to the attorney or other responsible person in the office of the attorney, or to the party, if not represented by counsel, in any manner provided by Rule 4, Minnesota Rules of Civil Procedure." Service of process in a manner not authorized by the rule is ineffective service. Tullis v. Federated Mut. Ins. Co., 570 N.W.2d 309, 311 (Minn.1997).