HALBROOKS, Judge *9 In this certiorari appeal, relator Bowl-Rite, Inc., d/b/a Midway Pro Bowl, seeks review of a January 18, 2019 order issued by an administrative law judge (ALJ) that affirmed the City of St. Paul's denial of relator's claim for relocation benefits under MURA. Relator's claim arose from the early termination of relator's lease of a bowling alley due to the construction of a soccer stadium and related infrastructure in St. Paul.
The city denied relator's claim for relocation benefits on the ground that a private party, rather than the city, acquired the property at issue. On March 7, 2018, the city initiated a contested-case proceeding in the Minnesota Office of Administrative Hearings (OAH). In a January 18, 2019 order, the ALJ granted the city's motion for summary disposition and affirmed the city's denial of relator's claim for relocation benefits.
On February 7, 2019, relator filed with the clerk of the appellate courts a petition for writ of certiorari, a proposed writ, a statement of the case, and proof of service of the petition for the writ of certiorari, and served the other appeal documents on counsel for the city. The clerk of the appellate courts issued the writ of certiorari that same day. Relator served both the petition for the writ of certiorari and the issued writ on counsel for the city by certified mail on February 9, 2019. Relator served the issued writ of certiorari on the OAH by first-class mail on February 9, 2019.
The city filed a motion to discharge the writ of certiorari on the grounds that relator failed to timely serve the petition for the writ on the OAH and the writ of certiorari was directed improperly to the city rather than to the OAH. Relator filed a response opposing the motion. On February 27, 2019, relator served the petition for the writ of certiorari on the OAH by certified mail.
DECISION
In a certiorari appeal, the appeal period and the acts required to invoke appellate jurisdiction are governed by the applicable statute. Minn. R. Civ. App. P. 115.01. Certiorari in Minnesota is not a common-law writ, but a statutory remedy, and the statutory provisions are strictly construed. State ex rel. Ryan v. Civil Serv. Comm'n , 278 Minn. 296, 154 N.W.2d 192, 196 (1967).
The city argues that MAPA governs this appeal and that the writ of certiorari must be discharged due to relator's failure to serve the petition for the writ of certiorari on the OAH via personal service or certified mail within the 30-day appeal period under Minn. Stat. § 14.63. Relator contends that, because the city is not a statewide agency, the 60-day appeal period under the general certiorari statute, Minn. Stat. § 606.01 (2018), applies. Alternatively, relator argues that the jurisdictional requirements of MAPA were met, because relator filed the petition for the writ of certiorari with the clerk of the appellate courts and served the petition on all parties to the contested case within the 30-day period under Minn. Stat. § 14.63.
*10 We agree with the city that, because Minn. Stat. § 117.52, subd. 4, MURA's appeal provision, expressly incorporates MAPA, the appeal period and the acts required to invoke appellate jurisdiction are governed by MAPA. We agree with relator that, in view of the 2013 amendment to Minn. Stat. § 14.63, timely service of the petition for the writ of certiorari on the agency is no longer a jurisdictional requirement under MAPA. The current version of Minn. Stat. § 14.63 requires service of the petition for the writ on all parties to the contested case within the 30-day appeal period, but does not establish a time limit for service of the petition and the issued writ on the agency.
I.
In 1973, the Minnesota Legislature enacted MURA for the purpose of making public funds available to reimburse relocation costs incurred by households and businesses displaced by the public acquisition of property when there is no federal financial participation. In re Relocation Benefits of James Bros. Furniture, Inc. , 642 N.W.2d 91, 95 (Minn. App. 2002), review denied (Minn. June 18, 2002). Originally, MURA did not contain an appeal provision, and this court held that a final administrative decision under MURA could only be reviewed by certiorari to this court as provided by Minn. Stat. § 606.01. Naegele Outdoor Advert., Inc. v. Minneapolis Cmty. Dev. Agency , 551 N.W.2d 235, 237 (Minn. App. 1996). In James Brothers , we noted that MAPA could not apply because the acquiring agency did not have statewide jurisdiction and the parties did not elect to be bound by MAPA's appeal procedure. James Brothers , 642 N.W.2d at 97 n.6.
In 2006, the legislature amended MURA, including the addition of Minn. Stat. § 117.52, subd. 4, which requires that a contested claim for relocation benefits be determined by an ALJ. 2006 Minn. Laws ch. 214, § 19, at 205. In 2012, the legislature amended Minn. Stat. § 117.52, subd. 4, to clarify that the ALJ determines the applicant's eligibility for relocation benefits, as well as the amount. 2012 Minn. Laws ch. 184, § 1, at 184.
The current statute provides that, notwithstanding any law or rule to the contrary, if a person entitled to relocation assistance does not accept the acquiring authority's determination of the amount of relocation assistance or if a person does not accept the acquiring authority's denial of relocation assistance, the acquiring authority must initiate a contested-case proceeding under sections 14.57 to 14.66 for a determination of the eligibility for or the amount of relocation assistance that must be provided by the acquiring authority. Minn. Stat. § 117.52, subd. 4. The ALJ's determination of the person's eligibility for or the amount of relocation assistance that the acquiring authority must provide constitutes the final decision in the case, as provided in section 14.62, subdivision 4. Id.
MAPA provides for certiorari review by the court of appeals of a final decision in a contested case made by an agency having statewide jurisdiction. See Minn. Stat. §§ 14.02, subds. 2, 3, .63 (2018). The general certiorari statute, Minn. Stat. §§ 606.01 -.06 (2018), applies to certiorari review of a local agency's quasi-judicial decision. Heideman v. Metro. Airports Comm'n , 555 N.W.2d 322, 323 (Minn. App. 1996).
Although the city is not an agency with statewide jurisdiction, Minn. Stat. § 117.52, subd. 4, requires contested-case proceedings under MAPA and specifies that the ALJ's determination is the final decision in the case, as provided in section 14.62, subdivision 4. Because Minn. Stat. § 117.52, subd. 4, incorporates MAPA and *11 specifies that the ALJ is the final decision-maker, MAPA applies. In this case, the city and relator were the parties to the contested-case proceeding. Because the matter was before the OAH for the contested-case hearing, the OAH is the agency.
II.
This court lacks jurisdiction to adjudicate administrative appeals not served in accordance with the requirements of MAPA. In re J.M.T. , 759 N.W.2d 406, 408 (Minn. 2009). In J.M.T. , the supreme court affirmed dismissal of a certiorari appeal because the petition for writ of certiorari was not served on the agency within 30 days. Id. The city contends that, under J.M.T. , we lack jurisdiction because relator failed to serve the petition for the writ on the OAH within the 30-day appeal period. In view of the 2013 amendment to Minn. Stat. § 14.63, we agree with relator that the city's reliance on J.M.T. is misplaced.
At the time that J.M.T. was decided, MAPA provided that a petition for writ of certiorari by an aggrieved person for judicial review under sections 14.63 to 14.68 "must be filed with the Court of Appeals and served on the agency not more than 30 days after the party receives the final decision and order of the agency." Minn. Stat. § 14.63 (2008). MAPA further provided that proceedings for review under sections 14.63 to 14.68 "shall be instituted" by serving a petition for a writ of certiorari personally or by certified mail on the agency and by promptly filing the proof of service in the office of the clerk of the appellate courts. Minn. Stat. § 14.64 (2008).
In 2013, the legislature amended Minn. Stat. § 14.63, replacing the requirement for service of the petition on the agency with the requirement for service of the petition on all parties to the contested case within the 30-day appeal period. 2013 Minn. Laws ch. 56, § 1, at 270. The legislature did not amend Minn. Stat. § 14.64.
The current version of Minn. Stat. § 14.63 requires that the petition for the writ "be filed with the court of appeals and served on all parties to the contested case not more than 30 days after the party receives the final decision and order of the agency." Minn. Stat. § 14.63. In this case, relator filed the petition for the writ of certiorari with the clerk of the appellate courts and served the petition on counsel for the city within the 30-day appeal period.
In ascertaining the intention of the legislature, there is a presumption that the legislature intends the entire statute to be effective and certain and that the legislature does not intend a result that is absurd, impossible of execution, or unreasonable. Minn. Stat. § 645.17 (2018). The city argues that interpreting Minn. Stat. § 14.63 as establishing no deadline for service of the petition for the writ on the agency would yield an absurd result, in view of the language in Minn. Stat. § 14.64 that proceedings for review "shall be instituted" by serving a petition for a writ of certiorari personally or by certified mail upon the agency.
"When the words of a law in their application to an existing situation are clear and free from all ambiguity, the letter of the law shall not be disregarded under the pretext of pursuing the spirit." Minn. Stat. § 645.16 (2018). In 2013, the legislature deleted the requirement for service of the petition on the agency within the appeal period, and replaced it with the requirement for service of the petition on all parties to the contested case within the appeal period. Under the plain language of the current version of Minn. Stat. § 14.63, we have jurisdiction if the petition for the writ of certiorari is filed with the court of *12 appeals and served on all parties to the contested case not more than 30 days after the appealing party receives the final decision and order of the agency. In this case, we have jurisdiction under Minn. Stat. § 14.63 because relator timely filed the petition for the writ and timely served the petition on counsel for the city. See Minn. R. Civ. App. P. 125.02 (requiring that service on a party represented by counsel be made on the attorney).
MAPA does not specify any deadline for issuance of the writ of certiorari. In re License Applications of Polk Cty. Ambulance Serv. , 548 N.W.2d 300, 302 (Minn. App. 1996). Relator's failure to obtain and serve a writ of certiorari directed to the OAH within the appeal period is not a jurisdictional defect.[1]
Motion to discharge writ of certiorari denied.

In J.M.T. , the supreme court overruled the holding in Polk County that service by first-class mail is delivery by personal service when the mailing is received. J.M.T. , 759 N.W.2d at 408. J.M.T. did not overrule, or address, our holding in Polk County that the failure to serve the issued writ within the 30-day appeal period is not a jurisdictional defect.