## JAMES PEARSON v. INDEPENDENT SCHOOL DISTRICT NO. 716 AND ANOTHER.

188 N. W. (2d) 776.

June 25, 1971—No. 42842.

*Clinton J. Hall,* for appellant.

*McGuire & Mellby* and *Michael E. McGuire,* for respondents.

*Peter S. Popovich, Joseph E. Flynn,* and *Peterson & Popovich,* for Minnesota School Boards Association, amicus curiae.

Heard before Knutson, C. J., and Nelson, Murphy, Peterson, and Kelly, JJ.

NELSON, JUSTICE.

Appeal from a judgment of the Scott County District Court entered September 28, 1970, in favor of defendants, Independent School District No. 716 and its Board of Education.

Plaintiff, James Pearson, was employed as a probationary teacher by defendant school board for the 1969-1970 school year. Sometime before April 1, 1970, defendant board notified plaintiff that his contract would not be renewed for the next year.

Plaintiff thereupon requested the reasons for nonrenewal of his contract, and defendant board in a letter dated April 10, 1970, stated them, including in the letter the statement that "[a]dequate supervision has been furnished your classes and several conferences with your principal have been conducted."

Plaintiff's next step was to commence an action for declaratory judgment in Scott County District Court against defendants. In his complaint plaintiff alleged that in accordance with Minn. St. 125.12, subd. 3, the statute pertaining to employment contracts of probationary teachers, he had requested reasons for the nonrenewal of his teaching contract; that defendant board did state these reasons in writing, but, contrary to the board's statement that he had received "adequate supervision" in his classes, he had not received such supervision; and that under § 125.12, subd. 3, appropriate supervision must have, in fact, been provided plaintiff before the school board could elect not to renew his teaching contract without his consent. Plaintiff therefore sought judgment declaring that his teaching contract remained in full force and effect for the 1970-1971 school year. In their answer defendants claimed that the school board had complied with all requirements of the laws of the State of Minnesota relating to the nonrenewal of plaintiff's contract and denied that plaintiff was entitled to continued employment.

Plaintiff moved for summary judgment on the question of whether § 125.12, subd. 3, required appropriate supervision of plaintiff by defendants' agents and supervisory personnel as a condition precedent to legally effecting nonrenewal of his teaching contract. The trial court denied the motion, holding that there was no genuine issue of fact since plaintiff admitted the school board had complied fully with the law and further holding that a hearing with proof adduced of "appropriate supervision" was not a condition precedent to an effective nonrenewal of plaintiff's teaching contract. The trial court thereafter ordered judgment for defendants on the merits.

The issue on appeal is whether § 125.12, subd. 3, requires a

hearing to determine whether "appropriate supervision" was given a probationary teacher before a school board may decide not to renew such teacher's contract.

Minn. St. 125.12, subd. 3, outlines the manner in which a probationary teacher's contract may be terminated by nonrenewal. The relevant portion of the statute states:

"* * * During the probationary period any annual contract with any teacher may or may not be renewed *as the school board shall see fit;* provided, however, that the school board shall give any such teacher whose contract it declines to renew for the following school year written notice to that effect before April 1. If the teacher requests reasons for any nonrenewal of a teaching contract, the school board shall give the teacher its reasons in writing, *including a statement that appropriate supervision was furnished describing the nature and the extent of such supervision furnished the teacher during his employment by the board,* within ten days after receiving such request." (Italics supplied.)

At this point it is relevant to state that plaintiff does not raise any constitutional arguments on this appeal with respect to a hearing. Rather, plaintiff argues that the language, "including a statement that appropriate supervision was furnished describing the nature and the extent of such supervision furnished the teacher during his employment by the board," in § 125.12, subd. 3, demonstrates a legislative intent to impose upon school boards the duty to furnish appropriate supervision to probationary teachers. Plaintiff would then have it follow that if a probationary teacher's contract is not renewed and the teacher challenges the school board's statement that appropriate supervision had been rendered, a hearing must be held to determine the issue. We do not agree. Section 125.12, subd. 3, would appear purposely to omit affording a hearing in this situation. It states that during the probationary period any annual contract with any teacher may or may not be renewed as the school board sees fit, language which vests total discretion in the board with respect to renewal or nonrenewal of a probationary teacher's contract.

Furthermore, § 125.12 specifically sets out when hearings will be granted. A hearing is granted a probationary teacher who is immediately discharged for cause. § 125.12, subd. 3. If a timely written request therefor is made, a hearing is granted to a tenured teacher whose contract is being terminated by the school board at the end of the school year. § 125.12, subd. 4. And, if a timely written request therefor is made, a hearing is granted a tenured teacher who is immediately discharged under the provisions of § 125.12, subd. 8.

As we stated in Mankato Citizens Tel. Co. v. Commr. of Taxation, 275 Minn. 107, 111, 145 N. W. (2d) 313, 316:

"In judicial construction of statutes courts are guided by well-established rules. They cannot assume a legislative intent in plain contradiction to words used by the legislature."

We think that a consideration of § 125.12 as a whole discloses the legislative intent to provide hearings under conditions which are clearly and specifically set out in the statute and that plaintiff does not come within any of these conditions.

Defendants and amicus curiae also cite authority, with which we agree, which holds that a proper distinction between the two classes of teachers is made in granting a hearing to a tenured teacher whose contract is terminated by a school board and denying a hearing to a probationary teacher whose contract is not renewed. The rationale of these cases seems to be that the probationary period is the time in which the new teacher's suitability is tested, his competency determined, and other important factors evaluated; and if the teacher should be found lacking during this period, the school board may decline to rehire him without holding a hearing on the matter. Munro v. Elk Rapids Schools, 383 Mich. 661, 178 N. W. (2d) 450; DeCanio v. School Committee of Boston (Mass.) 260 N. E. (2d) 676, appeal dismissed, 401 U. S. 929, 91 S. Ct. 925, 28 L. ed. (2d) 209.

We must also be controlled by well-established authority which recognizes that it is the duty of courts, regardless of personal views or individual philosophies, to uphold regulations adopted

by administrative authorities unless those regulations are clearly arbitrary or unreasonable. Any other approach would result in confusion detrimental to the management, progress, and efficient operation of our public school system. See, Brown v. Wells, 288 Minn. 468, 181 N. W. (2d) 708.

While the court in Brown v. Wells, *supra*, discussed primarily the discretion and authority vested in a school board in terms of its rule-making authority, the same kind of reasoning should be applied to a decision made by a school board in determining whether the contract of a particular teacher should be terminated under § 125.12, subd. 3. In the case at bar, the school board has made a determination and has complied with the requirements of § 125.12 in terminating plaintiff's contract. This court should not substitute its judgment for that of the school board concerning the type of supervision which was furnished plaintiff or the reasons for which the contract was terminated. As amicus curiae points out, to do so would divest the school board of the authority which was granted to it by the legislature and make the court an additional member of every local school board.

In the instant case the legislature chose to allow a school board 2 years to evaluate the performance of a beginning teacher before the teacher would be deemed to have proved his competence and would therefore be subject to dismissal only for the grounds set forth in § 125.12, subds. 6 and 8, and only after a hearing if the teacher were to make a timely written request therefor. § 125.12, subds. 4 and 8.

We conclude that defendants have fully complied with § 125.12, subd. 3, in terminating plaintiff's contract and that plaintiff has no cause of action because he was not given a hearing. The legislature did not intend to provide a hearing for a probationary teacher whose contract was terminated pursuant to § 125.12, subd. 3, effective at the end of a school year. The decision of the trial court is therefore affirmed.

Affirmed.