BASIL E. SHELL v. INDEPENDENT
SCHOOL DISTRICT NO. 811.

223 N. W. 2d 774.

October 25, 1974—No. 44601.

*William J. Nierengarten,* for appellant.

*Peterson, Popovich, Knutson & Flynn, Joseph E. Flynn, James E. Knutson,* and *Ronald C. Ruud,* for respondent.

OTIS, JUSTICE.

This is a declaratory judgment action brought by plaintiff, Basil Shell, seeking an adjudication that Independent School District No. 811 had not effectively terminated his employment as its superintendent. Plaintiff appeals from summary judgment for defendant and we affirm.

The issue is whether the board complied with Minn. St. 125.12, subd. 3, in stating its reasons for termination.

The facts are undisputed. Plaintiff was employed by defendant to act for a probationary period as superintendent for the year 1972-1973. On February 12, 1973, at a regular meeting of the board, it passed a resolution by a 4 to 3 vote terminating plaintiff's contract at the expiration of the school year. Plaintiff was notified that he could request reasons for his termination within 10 days and he did so. A letter dated February 24, 1973, signed by only the four members of the board who had voted for termination, stated the reasons for their action. Although all board members were informed of the contents of the letter within 3 days, it was not prepared, authorized, or ratified at a regular board meeting.

The relevant sections of Minn. St. 125.12 pertaining to the nonrenewal of probationary teachers' contracts provide:

"Subd. 2.   School boards shall hire or dismiss teachers at duly called meetings. * * *

"Subd. 3.   * * * During the probationary period any annual contract with any teacher may or may not be renewed as the school board shall see fit; provided, however, that the school

board shall give any such teacher whose contract it declines to renew for the following school year written notice to that effect before April 1. If the teacher requests reasons for any nonrenewal of a teaching contract, the school board shall give the teacher its reason in writing, including a statement that appropriate supervision was furnished describing the nature and the extent of such supervision furnished the teacher during his employment by the board, within ten days after receiving such request."

We have held and reiterate that a school board must strictly comply with the statute in discharging a teacher who has a continuing contract, Perry v. Independent School Dist. No. 696, 297 Minn. 197, 202, 210 N. W. 2d 283, 286 (1973). However, where, as here, a probationary teacher's contract is not renewed, we hold that it is sufficient if there is substantial compliance with the statutory provision requiring reasons to be given. The decision to terminate plaintiff's contract was made at a duly called meeting attended by all members. There was strict compliance with the statute in the conduct of that board meeting. It would have been better practice if the letter of February 24 giving reasons for the termination had also been approved at a board meeting. Nevertheless, the statute does not require such action as a prerequisite to the termination of a contract, and obviously only those members who voted in favor of the contract termination were in a position to assign the reasons for it. Cases holding that a school board cannot delegate its duties are not applicable because they deal with the board's basic decision to employ or to terminate teachers, and not simply with the reasons for termination as here. E. g., Zeller v. Prior Lake Public Schools, 259 Minn. 487, 108 N. W. 2d 602 (1961); Hueman v. Independent School Dist. No. 77, 243 Minn. 190, 67 N. W. 2d 38 (1954).

Appellant cites Burns v. Decker, 298 Minn. 7, 10, 212 N. W. 2d 886, 889, in support of his contention that it is mandatory that the board give reasons for termination, as we said, "in such detail as to leave no doubt in the minds of those concerned of the

'cause' for the termination of the annual contract," adding, "compliance by the board with those rules is necessary for protection of the dismissed party's rights." In Burns, however, no reasons were ever given for the termination, and the case actually held that the teacher was entitled to no relief because he had entered a final settlement of the controversy with the college.

Since we find that the reasons given by the board for plaintiff's termination were given in substantial compliance with the statute, the judgment is affirmed.

Affirmed.