**Percy F. TORNOW, Relator,**

v.

**BOARD OF EDUCATION OF INDEPENDENT SCHOOL DISTRICT NO. 118, REMER, MINNESOTA, Respondent.**

No. C4–88–1329.

Court of Appeals of Minnesota.

Jan. 31, 1989.

* Acting as judge of the Court of Appeals by appointment pursuant to Minn.Const. art. VI, § 2.

Douglas L. Skor, R. Ann Huntrods, Neal T. Buethe, Briggs and Morgan, St. Paul, for relator.

Thomas Fitzpatrick, Fitzpatrick, Larson, Fitzpatrick & Nelson, Brainerd, for respondent.

Heard, considered and decided by KALITOWSKI, P.J., and LANSING and FLEMING,* JJ.

## OPINION

WILLIAM FLEMING, Judge.

The School Board for Independent School District No. 118 terminated and did not renew relator Percy F. Tornow's probationary contract as superintendent of the school district. Relator petitioned for a writ of certiorari to obtain review of the school board's decision.

### FACTS

Percy F. Tornow entered into a contract with the School Board of Independent School District No. 118 to serve as a superintendent for the school year beginning July 1, 1987 and ending June 30, 1988. The school board conducted three sets of evaluations for the periods from July 1987 to December 1987, December 1987 to March 1988, and April 1988 to May 1988. The categories included planning, decision-making, implementation, and appraisal with a number of subcategories. The rating system was based on a scale of 1 to 5, with 1 being unacceptable and 5 excellent.

Relator and the school board describe the results of the evaluations differently. Tornow characterizes them as favorable throughout, while the school board emphasizes that the evaluations show the school board members' growing reservations about Tornow's suitability for tenure. A close examination of the evaluations reveals that certain board members were consistently favorable, while others showed increasing dissatisfaction. The overall average for the July to December evaluations was 4.53, December to March was 4.49, and April to May was 4.01. The average of the ratings which each school board member gave to relator for the last evaluation clearly reflects the split in opinion: 4.84, 4.85, 5.00, 2.79, 2.91, 2.52 and 4.25. Comments on the evaluations also reflect the school board members' differing opinions as to the relator's performance. In addition, in the spring of 1988, certified and non-certified employees presented the school board with a list of 30 concerns about the superintendent.

At the May 19, 1988 meeting, the school board voted 4 to 3 not to renew Tornow's contract for the 1988–89 contract year. If the contract had been renewed, Tornow would have received tenure. Pursuant to Tornow's demand under Minn.Stat. § 125.12, subd. 3, the school board convened a special meeting on June 6, 1988 and provided Tornow with a formal statement of its reasons in writing. The reasons were:

> Concerns involving staff relationships including the failure to establish and maintain a positive and professional rapport with the certified and non-certified staff; unsatisfactory supervision of staff who answer directly to the Superintendent; and failure to adequately encourage professional growth of District personnel.
> Concerns regarding communications between the Superintendent and all members of the Board;
> Concerns regarding development of an improved method of channeling communication from the public to Board members;
> Failure to handle some responsibilities in a timely manner; and

Concerns over lack of direction given in planning for the District's long range goals and budgetary needs.

The report states that adequate supervision, including three separate written evaluations, was furnished, summarized and reviewed with the superintendent by the chairman of the board. Various members of the board met privately with the superintendent to discuss their concerns and provide clarification when requested by the superintendent.

Relator petitioned for a writ of certiorari asking this court to reverse the decision of the school board not to renew his probationary contract and to order him reinstated with back-pay.

## ISSUES

1. What is the standard of review of the school board's decision?

2. Did the school board comply with the provisions of Minn.Stat. § 125.12, subd. 3, when it terminated and did not renew the contract of the probationary superintendent?

## ANALYSIS

### I.

A superintendent is a teacher within the meaning of Minn.Stat. § 125.12. Minn. Stat. § 125.12, subd. 1 (1986). Relator, who was in his first year in the school district, was a probationary employee. *Id.*, subd. 3. "During the probationary period any annual contract with any teacher may or may not be renewed as the school board shall see fit * * *." *Id.*

This language vests "total discretion in the board with respect to renewal or nonrenewal of a probationary teacher's contract." *Pearson v. Independent School District No. 716*, 290 Minn. 400, 402, 188 N.W.2d 776, 778 (1971). However, the statutory procedures should be followed if a school board decides not to rehire a probationary teacher.

The court in *Skeim v. Independent School District No. 115*, 305 Minn. 464, 234 N.W.2d 806 (1975) stated:

We have expressed our reluctance to interfere, so long as the statutory procedures are followed, with the school board's termination of a probationary teacher * * *.

305 Minn. at 473, 234 N.W.2d at 812. When the school board has made a determination and complied with the requirements of section 125.12 in terminating the teacher's contract, the appellate court should not substitute its judgment for that of the school board. *Pearson,* 290 Minn. at 404, 188 N.W.2d at 779.

Relator argues that this court should review the record de novo and not accord the school board decision special deference. He reasons that because the school board made its decision without a hearing and without findings of fact and conclusions of law, the proceeding lacks the guarantee of both procedural and substantive fairness which would otherwise justify a narrow scope of review. He cites *Marshall County Central Education Association v. Independent School District No. 441,* 363 N.W. 2d 126 (Minn.Ct.App.1985) as authority.

In *Marshall,* this court did not review the termination under Minn.Stat. § 125.12, subd. 3, because the termination was based upon the teacher's exercise of her right to assert a grievance. *Id.* at 128. *Marshall* is thus distinguishable.

■ In view of the total discretion afforded a school board in deciding whether to renew a probationary teacher's contract under *Pearson,* we decline to accept relator's argument that this court should review the matter de novo.

## II.

The statute governing rights of probationary teachers currently provides in relevant part that written evaluations be conducted at three separate times during each probationary year. Minn.Stat. § 125.12, subd. 3. This provision was enacted in 1984. 1984 Minn.Laws ch. 463, art. 7, § 13. Relator contends he received excellent reviews throughout the year, and was not advised of any problems. He argues that the amendment mandating three written evaluations each probationary year assures

that a school board cannot terminate a probationary administrator's employment in disregard and contradiction of his excellent job performance evaluations. Otherwise, the amendment is rendered a nullity. Relator asserts that the termination is a clear abuse of discretion which merits reversal.

The statute also provides that a board must, upon request, document its reasons for the nonrenewal of a probationary contract. Minn.Stat. § 125.12, subd. 3. Relator asserts that the school board failed to provide detailed reasons, and that the reasons were not accurate because the school board consistently gave him favorable evaluations. As we noted, however, the evaluations were not consistently favorable.

The supreme court's discussion in *Pearson* provides guidance here. The teacher there asserted that he had not received "appropriate supervision," contending that there was a legislative intent to impose upon the school board the duty to furnish appropriate supervision to probationary teachers. The issue on appeal was whether he was entitled to a hearing to determine whether "appropriate supervision" was furnished. *Id.,* 290 Minn. at 402, 188 N.W.2d at 778. The court first determined that no hearing was mandated. *Id.* at 403, 188 N.W.2d at 778–79. It then noted:

> In the case at bar, the school board has made a determination and has complied with the requirements of § 125.12 in terminating plaintiff's contract. This court should not substitute its judgment for that of the school board concerning the type of supervision which was furnished plaintiff or the reasons for which the contract was terminated. As amicus curiae points out, to do so would divest the school board of the authority which was granted to it by the legislature and make the court an additional member of every local school board.

*Pearson,* 290 Minn. at 404, 188 N.W.2d at 779.

■ Relator was given three evaluations throughout the year. When he requested, as was his statutory right, the reasons for

his dismissal, the board gave him the reasons in a timely manner. The board complied with the statutory requirements when it terminated and did not renew relator's probationary contract. The board had total discretion as to whether to renew relator's contract, and this court may not interfere with its judgment.

## DECISION

The decision of the school board is affirmed.

AFFIRMED.