Lori SAVRE, Relator,

v.

**INDEPENDENT SCHOOL DISTRICT No. 283, St. Louis Park, Minnesota, Respondent.**

No. C4–01–1229.

Court of Appeals of Minnesota.

April 17, 2002.

---

**469**

Christina L. Clark, Education Minnesota, St. Paul, MN, for relator.

Joseph E. Flynn, Jennifer K. Anderson, Knutson, Flynn & Deans, P.A., Mendota Heights, MN, for respondent.

Considered and decided by WILLIS, Presiding Judge, SHUMAKER, Judge, PARKER, Judge.*

## OPINION

WILLIS, Judge.

Relator seeks review by writ of certiorari of respondent school district's decision under Minn.Stat. § 122A.40, subd. 5(a)

(2000), not to renew her teaching contract. She argues that the district based its decision on an error of law because it failed to provide her with three written evaluations each year. Because the district did not renew relator's contract for budgetary reasons, and the district otherwise substantially complied with the statute, we affirm.

## FACTS

Respondent Independent School District No. 283 (the district) contracted with relator Lori Savre as a probationary teacher, beginning with the 1998–99 school year. The school board renewed relator's contract each year for the following two school years. Faced with the need to make substantial budget cuts for the 2001–02 school year, the school board decided not to renew the contracts of many probationary teachers, including relator. The school board personally served relator with timely notice under Minn.Stat. § 122A.40, subd. 5 (2000),[1] of its decision not to renew her contract after the end of the 2000–01 school year. Relator appeals by writ of certiorari.

## ISSUES

I. Does this court lack jurisdiction to review the school board's decision not to renew relator's teaching contract?

II. Does the district's complete failure to comply with the evaluation provision of Minn.Stat. § 122A.40, subd. 5 (2000), affect its discretion not to renew relator's teaching contract?

## ANALYSIS

### I.

■ The district argues that because relator did not effectively serve the peti-

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

1. In 1998, the legislature recodified Minn. Stat. § 125.12, subd. 3, at Minn.Stat. § 122A.40, subd. 5. 1998 Minn. Laws ch. 397, art. 8, § 101.

tion and writ of certiorari on any school-board member within the appeal period, this court has no jurisdiction to review its decision not to renew relator's contract. For this appeal by writ of certiorari, Minn. Stat. ch. 606 governs the issuance and service of the writ. "[T]imely service of the issued writ pursuant to Minn.Stat. § 606.02 is required to vest jurisdiction in this court." *In re Termination of Gay*, 555 N.W.2d 29, 31 (Minn.App.1996), *review denied* (Minn. Jan. 7, 1997).

Relator timely served the petition and writ by mail on the school-board chair and on Joseph E. Flynn, a private attorney who had represented the district in other matters. Relator then filed an affidavit with this court stating that she had served the board chair and Flynn by mail. But the district contends that relator's service was defective in several ways: (1) relator neither served a school-board member personally nor obtained an acknowledgement of service by mail, as the rules of civil procedure require; (2) attorney Flynn was not authorized to accept service on behalf of the district; and (3) relator served the board chair by mail addressed to the district, rather than to her residence. Thus, the district continues, this court must discharge the writ for lack of jurisdiction.

■ The district argues that the rules of civil procedure, rather than the rules of civil appellate procedure, apply here. The statute that applies to a civil action governs the "appeal period and the acts required to invoke appellate jurisdiction." Minn. R. Civ.App. P. 115.01. But the appellate rules govern "proceedings for review of orders of administrative agencies, boards or commissions" to the extent that the applicable statute does not supersede the rules. Minn. R. Civ.App. P. 101.01; *see In re License Applications of Polk County Ambulance Serv.*, 548 N.W.2d 300, 301–02 (Minn.App.1996) (noting that stat-

ute applicable to writ-of-certiorari review of agency decisions does not supersede appellate rules to extent that it does not prescribe how personal service is effected), *review denied* (Minn. Nov. 20, 1996).

Because Minn.Stat. ch. 606, the statute applicable here, does not prescribe how service is to be effected, the appellate rules prescribing the manner of service apply. The appellate rules provide:

> Service may be personal or by mail. Personal service includes delivery of a copy of the document * * * in any manner provided by Rule 4, Minnesota Rules of Civil Procedure. Service by mail is complete on mailing * * *.

Minn. R. Civ.App. P. 125.03. The appellate rules require that papers presented for filing include "either a written admission of service or an affidavit of service." Minn. R. Civ.App. P. 125.04. Relator served the board chair and Flynn by mail and then executed and filed such an affidavit. Therefore, service on the board chair and Flynn was complete upon mailing, if service was not otherwise defective.

■ Unlike the appellate rule that requires service on "the agency or body to which [the writ] is directed and upon every party," Minn.Stat. § 606.02 requires timely service of the issued writ on the "adverse party" and to that extent supersedes the rule. Minn. R. Civ.App. P. 115.03. But because Minn.Stat. ch. 606 does not prescribe how an adverse party is to be served, the appellate rule applies. The appellate rule provides that "[s]ervice on a party represented by counsel shall be made on the attorney." Minn. R. Civ.App. P. 125.02.

The district contends that service on Flynn was not effective service on the district because Flynn did not represent the district at the time of service. It argues that a school district generally se-

lects counsel to represent it in a court proceeding after the proceeding is initiated. Because no underlying court action exists in this appeal by writ and because the school district had not decided who would represent it in this matter at the time of service, the district contends that Flynn did not represent the school district within the meaning of Minn. R. Civ.App. P. 125.02.

But relator provided this court with copies of the minutes from the district's annual school-board meetings; the minutes show that the school board designated Joseph Flynn as primary legal counsel for the district for the 2000–01 and 2001–02 school years. By affidavit, Christina Clark, relator's counsel, states that she knew Flynn had represented the district on other matters. Clark states that she talked with Flynn regarding relator's case before relator served the petition and writ, and Flynn said that he would discuss the matter with the district and would contact her with its response. During that conversation, Clark states, Flynn did not tell her that he did not represent the district on this particular matter. When Flynn did not contact her, Clark assumed that the district was not interested in settling the dispute. Under the circumstances, we conclude that Flynn represented the district at time of service.

■ Because relator served Flynn by mail, as the appellate rules permit, and filed the required affidavit and because Flynn represented the district at the time of service, relator properly served the district. Such service vested jurisdiction in this court to review the school board's decision not to renew relator's contract. *See In re Minor Modification to Solid Waste Permit SW–61*, 448 N.W.2d 877, 877 (Minn.App.1989) (holding that service of petition and writ of certiorari on an assistant attorney general representing

state agency satisfies requirement under applicable statute, Minn.Stat. § 14.63, that petitioner serve agency). Because we conclude that relator's service on Flynn vested this court with jurisdiction to review the district's decision, we do not reach the district's claim that relator did not effectively serve the district when it served the board chair at the district's address.

## II.

■ A reviewing court will reverse a school board's determination "when it is fraudulent, arbitrary, unreasonable, unsupported by substantial evidence, not within its jurisdiction, or based on an error of law." *Dokmo v. Indep. Sch. Dist. No. 11*, 459 N.W.2d 671, 675 (Minn.1990) (citation omitted).

■ The supreme court has held that as long as a school district substantially complies with the provisions of Minn.Stat. § 122A.40, subd. 5 (2000), the court will not interfere with the district's decision not to renew a probationary teacher's contract. *Skeim v. Indep. Sch. Dist. No. 115*, 305 Minn. 464, 472–73, 234 N.W.2d 806, 812 (1975) (considering district's obligations under Minn.Stat. § 125.12, subd. 3, the predecessor to Minn.Stat. § 122A.40, subd. 5); *Shell v. Indep. Sch. Dist. No. 811*, 301 Minn. 442, 443–45, 223 N.W.2d 774, 775 (1974) (same). Relator argues that because the school district did not comply with the statutory requirement to provide relator with three written evaluations each year and, in fact, provided her with no written evaluations at all, it did not substantially comply with Minn.Stat. § 122A.40, subd. 5. Such an error of law, relator argues, means that this court must reverse the district's decision not to renew her contract.

The district claims that because the statute is directory, rather than mandatory,

whether the district substantially complied with the statute does not affect its complete discretion to decide whether to renew relator's contract. Minn.Stat. § 122A.40, subd. 5(a), provides:

> The school board must adopt a plan for written evaluation of teachers during the probationary period. Evaluation must occur at least three times each year * * *. [D]uring the probationary period any annual contract with any teacher may or may not be renewed as the school board shall see fit. However, the board must give any such teacher whose contract it declines to renew for the following school year written notice to that effect before July 1. If the teacher requests reasons for any nonrenewal of a teaching contract, the board must give the teacher its reason in writing, including a statement that appropriate supervision was furnished describing the nature and the extent of such supervision furnished the teacher during the employment by the board, within ten days after receiving such request. The school board may, after a hearing held upon due notice, discharge a teacher during the probationary period for cause, effective immediately * * *.

■■■ "[A] statute which does not declare the consequences of a failure to comply may be construed as a directory statute." *Sullivan v. Credit River Township*, 299 Minn. 170, 176–77, 217 N.W.2d 502, 507 (1974) (citation omitted). Failure to comply with a directory statute does not necessarily invalidate action taken with respect to that statute. *Id.* at 177, 217 N.W.2d at 507. The district contends that, therefore, its failure to evaluate relator at least three times each year does not invalidate its decision not to renew her contract. Because the district did not renew relator's contract for budgetary reasons, and because the district otherwise substantially

complied with applicable statutory provisions, we agree.

■■■ This court must look at a statute as a whole when construing its specific provisions. *Lenz v. Coon Creek Watershed Dist.*, 278 Minn. 1, 11–12, 153 N.W.2d 209, 217 (1967). Minn.Stat. § 122A.40, subd. 5, contains provisions regarding probationary teaching contracts that apply to decisions not to renew, as well as to immediate, for-cause terminations. When a school district does not renew a probationary teacher's contract at the end of a school year, the teacher has no right to a hearing regarding that decision. *Pearson v. Indep. Sch. Dist. No. 716*, 290 Minn. 400, 404, 188 N.W.2d 776, 779 (1971) (considering Minn.Stat. § 125.12, subd. 3). But the statute requires that the district provide notice and a hearing when it terminates a probationary teacher immediately, for cause. Minn.Stat. § 122A.40, subd. 5. Therefore, a district's failure to comply with the statute's evaluation provision may be important when the district terminates a teaching contract for performance-based reasons. Here, relator concedes that if the district had evaluated her as the statute requires, the result of the evaluations, whether positive or negative, would not have affected the district's discretion not to renew her teaching contract.

## DECISION

Relator effectively served her petition and writ of certiorari on the school district's attorney, vesting this court with jurisdiction to review the district's decision not to renew relator's teaching contract. The school district's failure to comply with the evaluation provision of Minn.Stat. § 122A.40, subd. 5, did not affect its complete discretion not to renew relator's teaching contract for budgetary reasons because the district otherwise substantially

complied with applicable statutory provisions.

**Affirmed.**