*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1441**

Joann Karetov,
Relator,

vs.

Independent School District No. 283, St. Louis Park, Minnesota,
Respondent

**Filed June 15, 2015
Affirmed
Peterson, Judge**

Independent School District No. 283

David P. Jendrzejek, Moss & Barnett, Minneapolis, Minnesota (for relator)

Michelle D. Kenney, Knutson Flynn & Deans PA, Mendota Heights, Minnesota (for respondent)

Considered and decided by Peterson, Presiding Judge; Worke, Judge; and Harten, Judge.[*]

**U N P U B L I S H E D   O P I N I O N**

**PETERSON**, Judge

In this certiorari appeal, relator challenges respondent school district's termination of her probationary principal contract, arguing that (1) the school district failed to comply with statutory requirements for evaluations; and (2) its decision to terminate and not

_____

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

renew her contract was arbitrary, capricious, unreasonable, unsupported by substantial evidence, and affected by errors of law. We affirm.

## FACTS

Respondent Independent School District No. 283, St. Louis Park, hired relator Joann Karetov as the principal of St. Louis Park High School for the 2013-2014 school year. Relator's employment began on July 1, 2013. Because it was relator's first employment with the school district, she had at least a one-year probationary period under Minn. Stat. § 122A.40, subd. 5(a) (2014). *See also* Minn. Stat. § 122A.40, subd. 1 (2014) (defining teacher to include principal).

For the 2013-2014 school year, the district adopted a principal-evaluation process to comply with an amendment to the statute that governs the duties and evaluation of principals. 2011 Minn. Laws 1st Spec. Sess. ch. 11, art. 2, § 22, at 38-39 (codified at Minn. Stat. § 123B.147, subd. 3 (2014)). The evaluation process sets forth a three-year timeline and provides for a preconference and goal-setting session near the beginning of each school year and a mid-year data conference during February of each school year. A principal-evaluation-summary form is used to measure performance in the categories of mission and vision, instructional leadership, human resources, professional-and-ethical relationship, and resource management. A final evaluation report, which addresses three weighted categories, including measures of student performance, is issued after the end of the third school year.

In late October 2013, relator met with the district superintendent to review her self-assessment evaluation and discuss setting goals for the school year. A second

2

meeting with the superintendent to finalize relator's goals for the school year occurred on November 8, 2013. A principal-evaluation-summary form was completed and signed by relator and the superintendent on November 8, 2013, but the parties agree that it was not a formal evaluation.

Relator's first formal evaluation occurred in February 2014, and a principal-evaluation-summary form was completed and signed by the superintendent. Relator received an overall proficient rating for the categories of mission and vision, instructional leadership, human resources, and resource management. Relator received an overall unsatisfactory rating in the professional-and-ethical-relationship category, although she received proficient ratings in five of the six subcategories in that category.

The superintendent conducted a second evaluation of relator on April 17, 2014. Although the principal-evaluation-summary form was not used, the evaluation addressed each of the five performance-measure categories used in the principal-evaluation-summary form. The evaluation did not indicate any concerns in the mission-and-vision or instructional-leadership categories but identified concerns in the areas of human resources, professional-and-ethical leadership, and resource management.

The superintendent conducted a third evaluation of relator on May 7, 2014. Although the principal-evaluation-summary form was not used, the evaluation addressed each of the five performance-measure categories used in the principal-evaluation-summary form. The evaluation identified concerns in the areas of human resources and professional-and-ethical leadership. The evaluation concluded with the statement that relator's contract would not be renewed at the end of the school year.

The superintendent recommended to the school board at its June 27, 2014 meeting that relator's contract be terminated and not renewed, and the board adopted a resolution terminating relator's principal contract at the end of the 2013-2014 school year and not renewing it for the 2014-2015 school year. In response to a request by relator, the board chairperson wrote her a letter explaining the reasons for the school district's decision. This certiorari appeal followed.

## D E C I S I O N

Generally,

> [w]hen reviewing a decision by a school board, this court must determine whether the decision is fraudulent, arbitrary, unreasonable, not supported by substantial evidence on the record, not within its jurisdiction, or based upon an erroneous theory of law. The decision is not reviewed de novo, and this court may not substitute its judgment for that of the school board.

*Exner v. Minneapolis Pub. Schs., Special Sch. Dist. No. 1*, 849 N.W.2d 437, 441 (Minn. App. 2014) (citations and quotations omitted). But "[a] school board has total discretion when deciding not to renew the contract of a probationary [principal]." *Allen v. Bd. of Educ. of Indep. Sch. Dist. No. 582*, 435 N.W.2d 124, 126 (Minn. App. 1989) (citing Minn. Stat. § 125.12, subd. 3 (1986)),[1] *review denied* (Minn. Apr. 19, 1989).

## I.

Minn. Stat. § 122A.40, subd. 5(a) (2014), states:

> The school board must adopt a plan for written evaluation of teachers during the probationary period that is consistent with

---

[1] Minn. Stat. § 125.12, subd. 3, has been renumbered as Minn. Stat. § 122A.40, subd. 5 (2014), but still contains the language relied on by the *Allen* court.

> subdivision 8. Evaluation must occur at least three times periodically throughout each school year for a teacher performing services during that school year; the first evaluation must occur within the first 90 days of teaching service.

As long as a school district substantially complies with these requirements, "the court will not interfere with the district's decision not to renew a probationary [principal's] contract." *Savre v. Indep. Sch. Dist. No. 263*, 642 N.W.2d 467, 471 (Minn. App. 2002).

Relator argues that the principal-evaluation process adopted by the district did not comply with Minn. Stat. § 122A.40, subd. 8 (2014). But the legislature directed that subdivision 8 "applies beginning in the 2014-2015 school year." 2011 Minn. Laws 1st Spec. Sess. ch. 11, art. 2, § 14, at 33. Because subdivision 8 did not apply until the 2014-2015 school year, it did not apply to relator, whose contract was terminated and not renewed in June 2014. The requirement that an evaluation occur within the first 90 days of teaching service, however, is not in subdivision 8 and applies to all collective-bargaining agreements ratified after July 1, 2013. 2011 Minn. Laws 1st Spec. Sess. ch. 11, art. 2, § 2, at 31-32. Relator argues that this requirement applies to her because the teachers' contract was ratified in March 2014 and applies retroactively. Although relator has not shown that the teachers' contract applied to her, the statute requires the school board to evaluate teachers during the first 90 days of teaching service, the statute does not limit application of the 90-day requirement to collective-bargaining agreements, and the definition of teacher includes a principal. The 90-day requirement, therefore, applies to relator.

Relator was not evaluated within the first 90 days after beginning her employment on July 1, but she met with the superintendent twice within the first 90 days of the school year to set and finalize goals for the school year. At the second meeting, a principal-evaluation-summary form was completed and signed by relator and the superintendent. On the whole, the process substantially complied with the statutory requirement that an evaluation occur within the first 90 days of teaching service, and substantial compliance is sufficient under *Savre*, 642 N.W.2d at 471.

In her reply brief, relator argues that the April and May evaluations were deficient because they did not use the principal-evaluation-summary form. Although the form was not used, the evaluations addressed all of the performance-measure categories used in the form.

## II.

Minn. Stat. § 123B.147, subd. 3(b), states:

> The annual evaluation [of a principal] must: . . .
>> (2) include formative and summative evaluations based on multiple measures of student progress toward career and college readiness; . . .
>> (4) include on-the-job observations and previous evaluations;
>> (5) allow surveys to help identify a principal's effectiveness, leadership skills and processes, and strengths and weaknesses in exercising leadership in pursuit of school success;
>> (6) use longitudinal data on student academic growth as 35 percent of the evaluation and incorporate district achievement goals and targets;
>> (7) be linked to professional development that emphasizes improved teaching and learning, curriculum and instruction, student learning, and a collaborative professional culture; and

(8) for principals not meeting standards of professional practice or other criteria under this subdivision, implement a plan to improve the principal's performance and specify the procedure and consequence if the principal's performance is not improved.

Relator argues that the district's evaluations failed to meet these requirements. The district's principal-evaluation process only requires a summative evaluation and the use of longitudinal data at the end of the three-year evaluation process. But relator's evaluations addressed developing and implementing measurable expectations and achievement goals for students and a plan to improve student achievement, thereby substantially complying with subdivision 3(b)(2), (6). Contrary to relator's claim that no on-the-job observations were conducted as required by subdivision 3(b)(4), the April 2014 evaluation begins with the superintendent's statement that "I want to begin this evaluation by recognizing my comments that follow are based on my personal observations as well as information I have gathered from others." Regarding subdivision 3(b)(5), the statute allows but does not require surveys. The district's principal-evaluation process includes surveys, but they are optional in years one and two, and relator did not exercise the option to use one. The district's evaluations of relator were sufficient to substantially comply with the requirements of subdivision 3(b)(7)-(8).

### III.

Relator argues that the school board's decision to terminate and not renew her contract was arbitrary, capricious, unreasonable, unsupported by substantial evidence, and affected by errors of law. These arguments are inconsistent with a school board's total discretion to not renew a probationary principal. The supreme court has expressed

its "reluctance to interfere, so long as the statutory procedures are followed, with a school board's termination of a probationary [principal]." *Skeim v. Indep. Sch. Dist. No. 115*, 305 Minn. 464, 473, 234 N.W.2d 806, 812 (1975). When a school board has complied with statutory requirements in terminating a probationary principal's contract, this court will not substitute its judgment for that of the school board. *Pearson v. Indep. Sch. Dist. 716*, 290 Minn. 400, 404, 188 N.W.2d 776, 779 (1971). Thus, the only question in this case is whether the district's evaluations of relator substantially complied with statutory requirements. *See Tornow v. Bd. of Educ. of Indep. Sch. Dist. No. 118*, 435 N.W.2d 142, 144-45 (Minn. App. 1989) (affirming nonrenewal of probationary superintendent's contract based on school board's total discretion to make that determination). Although the district did not evaluate relator within the first 90 days after her employment began, the evaluations substantially complied with statutory requirements. Therefore, we affirm the termination and nonrenewal of relator's probationary principal contract.

**Affirmed.**